**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JACQUELINE J.[1],                                       Case No. 3:22-cv-293
    Plaintiff,                                      Litkovitz, M.J.

    vs.

COMMISSIONER OF                                **ORDER**
SOCIAL SECURITY,
    Defendant.

Plaintiff Jacqueline J. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3)

for judicial review of the final decision of the Commissioner of Social Security

("Commissioner") issuing a partially favorable decision on plaintiff's applications for disability

insurance benefits ("DIB") and supplemental security income ("SSI").  This matter is before the

Court on plaintiff's Statement of Errors (Doc. 11) and the Commissioner's response in

opposition (Doc. 12).

**I.  Procedural Background**

Plaintiff protectively filed her applications for DIB on May 12, 2020 and for SSI on

March 16, 2020, alleging disability since February 15, 2017, due to fibromyalgia, lupus, cervical

spine stenosis, carpal tunnel, degenerative disc disease, anxiety/depression, fatigue, paralysis/

cervical, glaucoma/going blind, and headaches.  (Tr. 265).  Plaintiff's applications were denied

initially and upon reconsideration.  Plaintiff, through counsel, requested and was granted a *de

novo* hearing before administrative law judge ("ALJ") Laura Chess.  Plaintiff, represented by

counsel, and a vocational expert ("VE"), appeared telephonically and testified at the ALJ hearing

on June 1, 2021.  (Tr. 42-74).  On July 28, 2021, the ALJ issued a decision granting plaintiff's

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

SSI application, finding plaintiff was disabled as of July 23, 2021.  (Tr. 36).  The ALJ denied

plaintiff's application for a period of disability and DIB, finding she was not disabled through

September 30, 2020, the date last insured.  (Tr. 35).   This decision became the final decision of

the Commissioner when the Appeals Council denied review on September 6, 2022.  (Tr. 1-6).

## II.  Analysis

### A.  Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be

expected to last for a continuous period of not less than 12 months.  42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A).  The impairment must render the claimant unable to engage in the work

previously performed or in any other substantial gainful employment that exists in the national

economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation

process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.  If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).  The claimant has the burden of proof at the first four

steps of the sequential evaluation process.  *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548

(6th Cir. 2004).  Once the claimant establishes a prima facie case by showing an inability to

perform the relevant previous employment, the burden shifts to the Commissioner to show that

the claimant can perform other substantial gainful employment and that such employment exists

in the national economy.  *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th

Cir. 1999).

### B.  The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of

fact and conclusions of law:

1. The [plaintiff] met the Title II disability-insured-status requirements of the Social Security Act through September 30, 2020.

2. The [plaintiff] has not engaged in substantial gainful activity since the alleged disability onset date of February 15, 2017 (20 CFR 404.1571, *et seq.*, and 416.971, *et seq.*).

3. The [plaintiff] has the following severe impairments: systemic lupus erythematosus (SLE), fibromyalgia, (unspecified) connective tissue disorder, bilateral carpal tunnel syndrome, ischemic heart disease with tachycardia, degenerative disc disease of the cervical spine with radiculopathy and spinal stenosis, hypertension, Raynaud's disease, degenerative disc disease of the lumbar spine, open-angle glaucoma, depressive disorder, generalized anxiety disorder, [and] post-traumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The [plaintiff] has the residual functional capacity to perform light work as defined at 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) able to lift/carry up to 20 pounds occasionally and ten pounds

3

frequently; (2) no climbing ladders, ropes, or scaffolds; (3) able to occasionally climb ramps or stairs; (4) able to frequently balance (as defined in the *Selected Characteristics of Occupations* as published by the United States Department of Labor); (5) can occasionally stoop, kneel, crouch, or crawl; (6) able to frequently reach, handle, and finger with the bilateral upper extremities; (7) retains sufficient visual acuity and field of vision to avoid normal workplace hazards but should not work at unprotected heights or in the vicinity of uncovered, unguarded moving machinery; (8) unable [to] perform commercial driving; (9) able to understand, remember, and carry out simple instructions; (10) able to make simple, work-related decisions; (11) can adapt to occasional changes in a routine work setting; (12) able to have occasional interaction with co-workers, supervisors, and the public.

6.  The [plaintiff] is unable to perform past relevant work (20 CFR 404.1565 and 416.965).[2]

7.  The [plaintiff] was born [in] . . . 1966. As of the alleged disability onset date, the [plaintiff] was 50 years old and she was classified as an individual who was "closely approaching advanced age" (50-54 years old) for Social Security purposes. The [plaintiff] will attain age 55 [in] . . . 2021. Applying the age categories included in the regulations non-mechanically, the [plaintiff] will be found to have attained the status of an individual of "advanced age" as of July 23, 2021 (20 CFR 404.1563 and 416.963).

8.  The [plaintiff] has a high-school education and about one year of college credits (20 CFR 404.1564 and 416.964).

9.  The [plaintiff] does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR 404.1568 and 416.968).

10. Prior to July 23, 2021, considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the [plaintiff] could have performed (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).[3]

11. Commencing July 23, 2021, considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the [plaintiff] could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

---

[2] Plaintiff's past relevant work was a medical coder/biller, a skilled, sedentary position. (Tr. 33, 65).

[3] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative light-exertion occupations such as mail clerk (39,000 jobs in the national economy); office helper (148,000 jobs in the national economy); and cleaner/housekeeper (318,000 jobs in the national economy). (Tr. 34-35, 67).

12. The [plaintiff] was not "disabled" prior to July 23, 2021, but became "disabled" on that date and has continued to be "disabled" through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

13. The [plaintiff] was not "disabled," within the meaning of the Social Security Act, at any time through September 30, 2020, the Title II date last insured (20 CFR 404.315(a) and 404.320(b)).

14. Because the [plaintiff] was not "disabled" during the period of time that she had insured status for Title II purposes (through September 30, 2020), the [plaintiff]'s application for a period of disability and disability insurance benefits under Title II of the Social Security Act is denied.

15. The [plaintiff] has been "disabled" since July 23, 2021, and continuing through the date of this decision, for the purpose of establishing eligibility for supplemental security income under Title XVI of the Social Security Act.

16. Substance use disorder(s) is not a contributing factor material to the determination of disability (20 CFR 404.1535 and 416.935).

(Tr. 20-36).

## C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.

2007).  In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination.  Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746).

**D.  Specific Error**

In her sole assignment of error, plaintiff alleges the ALJ erred by failing to "fully consider essential vocational expert testimony."  (Doc. 11 at PAGEID 2563).  Plaintiff argues the ALJ erred in finding plaintiff could perform light work because the residual functional capacity ("RFC") "is devoid of any accounting of absences or off task behavior that would result from the daily pain [plaintiff] suffers as a consequence of her chronic impairments."  (*Id*.).  Plaintiff also contends the ALJ's RFC is not supported by substantial evidence because "there are no restrictions in this residual functional capacity based on off task allowances in the workplace, or absences, due to the pain [plaintiff] suffers as a result of the number of severe impairments listed in ALJ Chess' decision."  (*Id*. at PAGEID 2562).  In support, plaintiff relies on her testimony and medical evidence of record "summarized in the prehearing brief submitted on behalf of [plaintiff]."  (*Id*., citing Tr. 310-24).

The Commissioner argues that the ALJ's decision is supported by substantial evidence, and plaintiff failed to point to any specific evidence showing she is more limited than the ALJ's RFC finding.  (Doc. 12).  The Commissioner argues that "no doctor ever opined that Plaintiff would require time off work or off-task time" and "[b]ecause there were no medical opinions in

evidence that included off-task limitations and/or work absence allowances, the ALJ's hypothetical question to the vocational expert properly excluded these limitations because they were not credibly supported by the evidence (Tr. at 66-68)."  (*Id*. at PAGEID 2568, 2571).

The RFC assessment is an evaluation of the most a claimant can still do despite her limitations.  20 C.F.R. § 404.1545(a)(1).  It is well-established that the ALJ determines a claimant's RFC.  *See* 20 C.F.R. § 404.1545(a) ("We will assess your residual functional capacity based on all the relevant evidence in your case record"); 20 C.F.R. § 404.1546(c) ("the administrative law judge . . . is responsible for assessing your residual functional capacity"); s*ee also Moore v. Astrue*, No. 07-204, 2008 WL 2051019, at *5 (E.D. Ky. May 12, 2008) ("[T]he ALJ is responsible for assessing a claimant's [RFC] by examining all the evidence in the record.") (citing 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c)); *Bingaman v. Comm'r of Soc. Sec.*, 186 F. App'x 642, 647 (6th Cir. 2006).

Plaintiff contends the ALJ erred by not finding plaintiff met the work-preclusive limitations in one of the hypotheticals asked by the ALJ to the VE at the hearing, i.e., an individual being off task for more than 15% of a work day and needing to be absent from work more than two days per month.  In addition to testifying to representative jobs in the national economy that plaintiff could perform for an individual with the plaintiff's age, education, work experience, and residual functional capacity (Tr. 66-67), the VE testified being off task more than fifteen percent of the time would be "work preclusive," and a hypothetical individual being absent two days per month on a consistent basis "would not be able to maintain competitive employment. . . ."  (Tr. 70).

The fact that the ALJ asked about the residual functional capacity of a hypothetical person with particular limitations does not mean the VE's answer is binding on the ALJ.  "It is

well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421-22 (6th Cir. 2014) (quoting *Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Simply posing a hypothetical question to the VE does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations. *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019)). *See also Aiello v. Comm'r of Soc. Sec.*, No. 1:19-cv-01558, 2020 WL 2526956, at *3 (N.D. Ohio May 18, 2020) (finding "the mere fact that the ALJ asked the VE about certain hypothetical limitations does not mean that the ALJ is then required to adopt them into the RFC") (citing *Sayler v. Comm'r of Soc. Sec.*, 574 F. App'x 595, 596 (6th Cir. 2014) (per curiam)).

Moreover, plaintiff cites no objective medical evidence in the record to establish she would be off task for more than fifteen percent of a work day or be absent from work more than two days per month. *See Miller v. Comm'r of Soc. Sec.*, No. 3:20-cv-506, 2021 WL 4745430, at *4 (S.D. Ohio Oct. 12, 2021) (Report and Recommendation), *adopted*, 2021 WL 5003452 (S.D. Ohio Oct. 27, 2021) (finding the plaintiff's argument that the "RFC should have included the work-preclusive restrictions of being off task and absent from work due to her impairments" without merit because "none of the record evidence cited by Plaintiff actually demonstrate[ed] that her impairments would cause her to be off task twenty percent of the time and miss two days of work a month"). Instead, plaintiff cites her own testimony at the hearing in support of her argument (Doc. 11 at PAGEID 2562):

> During the hearing, [plaintiff] testified that she is "in pain all the time" (R. at 63).
> She further testified that she is "fatigued a lot, out of breath, just detached . . .

8

mentally and physically just exhausted" (R. at 60). She experiences pain "every day" and throughout her entire body (R. at 60). She spends her days "in a lying down position" stretching to relieve the pain, and alternately getting up to move around because "she can't stay in one position for too long" (R. at 62).

(*Id*.).

Plaintiff's citation to her own testimony does not support a reversal of the ALJ's decision for two reasons. First, the ALJ considered plaintiff's subjective allegations about her limitations and determined that "[r]estricting the [plaintiff] to performing the reduced range of light exertion described [in the residual functional capacity] adequately addresses the location, duration, frequency, and intensity of the [plaintiff's] alleged symptoms, as well as precipitating and aggravating factors, to the extent that such symptoms and aggravating factors are supported by objective medical evidence and clinical findings." (Tr. 32). Plaintiff does not challenge this finding, and the Court finds the ALJ's subjective symptom evaluation is supported by substantial evidence for the reasons cited by the ALJ. (Tr. 31-32).

Second, and more importantly, the ALJ's RFC is supported by substantial evidence because no medical source of record opined that plaintiff's impairments would cause plaintiff to be off task for more than fifteen percent of a work day or be absent from work more than two days per month. Plaintiff fails to cite any medical records that endorse the work-preclusive restrictions she believes should have been included in the RFC. *See Wendy D. H. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-387, 2022 WL 621433, at *3 (S.D. Ohio Mar. 3, 2022). Instead, plaintiff generally references the administrative-level brief's summary which plaintiff argues is "replete with references to [plaintiff's] pain. . . ." (Doc. 11 at PAGEID 2562, citing Tr. 310-24). However, plaintiff does not explain the significance of this brief to her particular argument that the ALJ erroneously failed to include off task or absence limitations in her RFC assessment. While the Court is not required to independently comb through plaintiff's administrative-level

9

brief to "put flesh" on the "bones" of her argument on appeal, *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)), nowhere in this brief do the medical records cited contain any off task or absence limitations.  (*See* Tr. 310-24).  Therefore, plaintiff has not cited any medical evidence calling into question the ALJ's conclusion in this regard.

The ALJ thoroughly examined the medical evidence of record and reasonably concluded that the RFC "depicts a reasonable and accurate estimation of the [plaintiff's] actual capabilities. No evidence has been presented to show that the [plaintiff] would be incapable of performing the above-described work functions." (Tr. 31).  Notably, the ALJ's RFC is more restrictive than the medical opinion evidence. (*See* Tr. 30-31).  A disability claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512.  The burden is on the claimant to furnish medical and other evidence about her impairments and the effects of her impairments on her ability to work.  *Id*.  Here, plaintiff has not shown that the ALJ erred by failing to include restrictions in the RFC for being off task or absent from work. Moreover, plaintiff points to no medical opinions that plaintiff's impairments result in off task behaviors or absences from work.  *See Beckham v. Comm'r of Soc. Sec.*, No. 1:19-cv-576, 2020 WL 5035451, at *8 (S.D. Ohio Aug. 26, 2020) ("Plaintiff has not pointed to any medical opinion evidence indicating that plaintiff's seizures were so frequent that he would be off task for fifteen percent of the workday or absent from work two days per month.").  The ALJ thoroughly evaluated the medical evidence related to plaintiff's impairments and explained her reasons for including the functional restrictions related thereto in the RFC. (Tr. 29-31).

Plaintiff has not shown that the evidence before the ALJ required the inclusion of greater limitations than those found by the ALJ.  Nor has plaintiff shown the ALJ erred when she failed

to rely on VE testimony that did not accurately reflect plaintiff's functional limitations.  Plaintiff has not met her burden of proof to show the ALJ's decision is not supported by substantial evidence.  Significantly, plaintiff has failed to show how the ALJ's RFC is not supported by substantial evidence in light of the fact that the ALJ's RFC includes more limitations than those opined by the medical opinions of record.  (Tr. 30-31).  Therefore, plaintiff's assignment of error is overruled.

## III.  Conclusion

Based on the foregoing, plaintiff's Statement of Errors (Doc. 11) is **OVERRULED**, and the Commissioner's non-disability finding is **AFFIRMED**.  **IT IS THEREFORE ORDERED** that judgment be entered in favor of the Commissioner and this case is closed on the docket of the Court.

Date: 1/27/2024

Karen L. Litkovitz
Chief United States Magistrate Judge